**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**TERRY LEE JOHNSON**                                                                 **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:19-cv-272-HSO-MTP**

**CITY OF BILOXI MUNICIPAL COURT,** *et al.*                        **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court *sua sponte* following a screening of Plaintiff's submissions. Plaintiff Terry Lee Johnson filed suit on May 9, 2019. Comp. [1]. He also filed a Motion to Proceed *in forma pauperis* [2], alleging that he has no income or expected income, and declaring under penalty of perjury that he was unable to pay the filing fee. Based upon the information provided, the Court granted his Motion [2]. *See* Order [3]. Having reviewed the record and the applicable law, the undersigned recommends that this matter be dismissed for lack of subject-matter jurisdiction, for failure to prosecute, and for failure to obey Orders of this Court.

**BACKGROUND**

Plaintiff has filed many letters and documents with the Court over the last year. Some of the filings appear to be in response to the Court's requests for clarification; many others were filed at random. In most cases, it is impossible to determine what Plaintiff is discussing or to discern any claims or common threads in his various pleadings. For example, Plaintiff has demanded or discussed that:

- He intends to sue all middle-class people and all lawmakers, who must pay $100.00 a day until his lawsuit is "paid in full." ECF [11] at 1.

- He believes that Senator Trent Lott was removed from office for helping him. ECF [8] at 6-7.

1

- He requests that Attorney General William Barr represent him in this lawsuit. ECF [15] at 2.

- As damages, he wants "15 zillion cause I feel like the world is mine!" ECF [16] at 5.

- He wants to force his daughter to undergo mental health treatment and to sue her "for his last name." ECF [32] at 11.

- He has plans to run for president. ECF [42].

- He intends to commit crimes, such as robbing banks and killing his family, if the summonses are not issued in this case. ECF [79].

On September 9, 2019, the Court entered an Order to Show Cause [54] directing Plaintiff to respond by October 9, 2019. Plaintiff was directed to (1) clearly name the defendants and why he was suing;[1] (2) establish subject-matter jurisdiction over his claims; and (3) prepare the summonses and deliver them to the Clerk.

Plaintiff responded to the Order to Show Cause [54], but the Court found the responses insufficient. *See* [55] [56] [57] [58]. In response to the Court's numbered questions in Order [54], Plaintiff gave only a brief statement and did not provide the basis for his claims against each Defendant. For example, he stated that he is suing the Justice Court in Biloxi for "waiver of rights." Resp. [55] at 1. It is unclear what rights Plaintiff is referring to, when such waiver occurred, or why such a waiver is actionable.

He also stated that he is suing various Defendants for negligence. Negligence is a state-law claim, but some of the possible Defendants appear to be in Mississippi. Given that Plaintiff is a Mississippi resident, it is not clear that this Court has subject-matter jurisdiction. It is

---

[1] Plaintiff has mentioned seventy potential defendants such as President Barack Obama, the City of Topeka Police Department, the United States Supreme Court, the Motel 6 in Biloxi, and McDonalds. *See* Oder [54] at 2-4. Most of Plaintiff's letters and filings are difficult to parse.

Plaintiff's responsibility to establish federal jurisdiction. *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

After Plaintiff failed to properly identify the Defendants or state his claims, the Court entered a Second Order to Show Cause on October 9, 2019 [62]. Plaintiff was directed to name each prospective defendant, provide sufficient identifying information, and provide the factual basis of his claims against each prospective defendant.

The Court's Second Show Cause Order [62] was returned as "refused." *See* [63]. The Court then entered a Third Order to Show Cause on December 17, 2019. Order [69]. Plaintiff was directed to respond on or before January 7, 2019 and state if he intended to proceed with the lawsuit, name each individual or entity that he intended to sue, provide identifying information for each defendant, and provide a factual basis for each claim. *Id.* at 2. The Order [69] was also returned as undeliverable. *See* [70].

On January 13, 2020, the Court entered a Fourth Order to Show Cause [71]. The Order [71] noted that the Court had directed Plaintiff, on three prior occasions, to clearly identify the defendants and to provide a short and plain statement of his claims. As Plaintiff had not complied with any of the Court's prior Orders, the Court directed Plaintiff to show cause on or before February 3, 2020 why his case should not be dismissed for failure to comply with the Court's Orders. Order [71] at 2.

Plaintiff responded to the Order [71] on February 7, 2020, but did not identify the Defendants or provide a short and plain statement of his claims. The Response [73] also does not provide an explanation of why the case should not be dismissed, but includes statements such as "the County filed death certificate mine family living into mine home it was stoling by Harrison County and mine inherit I can not file charges on anyone" and "casino's cheated by rigging the

3

games all but Boomtown I didn't go there… call Boost tell them keep phone on." Resp. [73] at 3, 6-7.  This case has been pending for over a year and Plaintiff has failed to identify the Defendants, clearly state his claims, establish subject-matter jurisdiction, or prepare the summons as directed by the Court.

## ANALYSIS

Actions brought by *pro se* litigants are construed liberally, but courts generally screen *pro se* filings to identify cognizable claims.  *Nowak v. Am. W. Airlines*, 2008 WL 4966054, at *1-2 (E.D. Tex. Nov. 18, 2008).  A plaintiff who refuses to comply with court orders stifles the screening process.  *Ostrander v. Salvador*, 2017 WL 6761813, at *1 (N.D. Tex. Oct. 27, 2017).  The prior Magistrate Judge assigned to this matter repeatedly attempted to clarify Plaintiff's claims and directed Plaintiff to demonstrate subject-matter jurisdiction.  Orders [54] [62] [69] [71].  Plaintiff did not comply with these Orders, and after a year and over 100 docket entries it remains unclear what factual allegations form the basis of this lawsuit or if this Court has subject-matter jurisdiction to consider these unidentified claims.

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists.  *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020).  Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction.  *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019).  As the party invoking federal subject-matter jurisdiction, Plaintiff bears the burden of establishing jurisdiction.  *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017).

In his Complaint [1], Plaintiff indicated that his lawsuit involved a federal question and wrote "the vital statistics records claiming the defendant is deceased" was the basis for federal

4

jurisdiction.  *See* Comp. [1] at 3.  It remains unclear what statute or provision of federal law provides jurisdiction for Plaintiff's claims because Plaintiff has failed to clearly identify the Defendants or the claims he brings against them.  As a *pro se* litigant, Plaintiff is entitled to liberal construction of his pleadings and filings, but"[j]udges are not like pigs, hunting for truffles buried in the record."  *United Sates v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (quotation and citation omitted).  "[T]he Court cannot be left to guess whether it has subject matter jurisdiction…."  *Guerrero v. United States*, 2017 WL 7921198, at *2 (W.D. Tex. Nov. 28, 2017).  Based on the record, Plaintiff has not carried his burden to establish the existence of federal subject-matter jurisdiction and this case should be dismissed.

Moreover, the Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court under Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss an action *sua sponte*.  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  A motion to dismiss from the defendant is not necessary, a court may act on its own initiative to clear its docket of dormant cases.  *Id*. at 330.  To dismiss a case for failure to prosecute there must be "a clear record of delay or contumacious conduct and the district court must have expressly found that no lesser sanction would suffice to prompt diligent prosecution."  *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008).

Plaintiff has repeatedly failed to comply with Orders of this Court.  *See* Orders [54] [62] [69] [71].  Despite 104 docket entries in the record, Plaintiff has not provided the necessary information about the entities or individuals he desires to sue or the basic facts of his claims against these unidentified Defendants— such as when and where the wrongful conduct occurred.  Plaintiff's failure to comply with Orders of this Court has prevented this case from moving

towards a disposition and has unnecessarily consumed an inordinate amount of judicial resources.

Plaintiff has also failed to prosecute this matter. He has yet to properly prepare the summonses, as directed by this Court, and no Defendant has been served or appeared in this action. *See* Order [3]. Plaintiff has filed many letters and documents with the Court demanding various forms of relief, but he has ignored the rules of court and numerous Orders from this Court. Dismissal is, therefore, appropriate under Rule 41(b).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that this matter be DISMISSED without prejudice for lack of subject-matter jurisdiction, for failure to prosecute, and for failure to obey Orders of this Court. The undersigned recommends a dismissal without prejudice as no Defendant has appeared, nor is it clear what claims Plaintiff may be attempting to assert.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 24th day of June, 2020.

s/ Michael T. Parker  
United States Magistrate Judge
