IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERRY LEE JOHNSON** | § § § | **PLAINTIFF** |
| **v.** | § § § § | **Civil No. 1:19cv272-HSO-MTP** |
| **CITY OF BILOXI MUNICIPAL COURT,** *et al.* | § § | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [105] AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE

BEFORE THE COURT is United States Magistrate Judge Michael T. Parker's Report and Recommendation [105] that this matter be dismissed without prejudice for lack of subject-matter jurisdiction, for failure to prosecute, and for failure to obey Orders of this Court. *See* R. & R. [105] at 1, 6. For the reasons that follow, the Court finds that the Report and Recommendation [105] should be adopted and that this case should be dismissed without prejudice.

I. BACKGROUND

On May 9, 2019, pro se Plaintiff Terry Lee Johnson ("Plaintiff" or "Johnson") filed a Complaint [1] in this Court naming as Defendants the City of Biloxi Municipal Court; Harrison County 2nd Judicial; Justice Court; Bob Payne, State Prosecutor; and City of Biloxi Mayor. *See* Compl. [1] at 1-4. Plaintiff claims that he has "been wrongfully arrested for 30 years and they do not have the legal constitutions to do it due to vital record wherefore they or [sic] illegal [sic] waiving

mine rights to a trial to keep the truth that has lies." *Id.* at 4. With respect to subject-matter jurisdiction, Plaintiff contends that the Court has federal question jurisdiction over this matter because "the vital static's [sic] records claiming the Defendant is 'Deceased.'" *Id.* at 3.

In a May 28, 2019, Order [3] granting Plaintiff's application to proceed *in forma pauperis* ("IFP"), the Magistrate Judge advised Plaintiff that "it is his responsibility to prosecute this case and that the case cannot proceed until the Defendants have been served with a summons and the Complaint (ECF. No. 1)." Order [3] at 1-2. The Magistrate Judge further informed Plaintiff that "pursuant to Local Uniform Civil Rule 4(a), it is Plaintiff's responsibility to prepare the summons to be served on [each] Defendant and to present the completed summons to the Clerk of Court for issuance." *Id.* at 2. The Magistrate Judge warned Plaintiff that this case may be dismissed without prejudice if Defendants are not served within 90 days after the Complaint is filed. *See id.* (citing Fed. R. Civ. P. 4(m)). Plaintiff did not comply with this Order [3].

Plaintiff has littered the record with numerous, miscellaneous filings, many of which reference allegations other than those made in the Complaint and which mention individuals other than those Defendants named in the Complaint. It remains unclear whom Plaintiff is trying to sue or what claims he is asserting against them.

The Magistrate Judge has entered several Orders to Show Cause trying to clarify Plaintiff's claims and whom he seeks to sue. *See, e.g.,* Orders [38], [54], [62], [69], [71]. Plaintiff has not adequately responded to any of these Orders, and his

claims remain unclear.   The record reflects that the Magistrate Judge has repeatedly reminded Plaintiff that it is his responsibility to demonstrate the existence of federal subject-matter jurisdiction, to prosecute this case, to prepare summonses for Defendants and present them to the Clerk of Court for issuance, to keep the Court advised of his current address, and to abide by all Orders of the Court.   *See, e.g.,* Order [3] at 2; Order [14] at 3; Order [53] at 2; Order [54] at 4-6; Order [62] at 2; Order [69] at 1-2; Order [71] at 1-2.   The Magistrate Judge has also warned Plaintiff on multiple occasions that his failure to comply with these obligations may be deemed a purposeful and contumacious act resulting in this case being dismissed.   *See, e.g.,* Order [14] at 3; Order [54] at 5-6; Order [62] at 2; Order [69] at 1-2; Order [71] at 1-2.

On June 24, 2020, United States Magistrate Judge Michael T. Parker entered a Report and Recommendation [105], recommending that this case be dismissed without prejudice for lack of subject-matter jurisdiction, for failure to prosecute, and for failure to obey Orders of this Court.   *See* R. & R. [105] at 1, 6.   The Report and Recommendation [105] was mailed to Plaintiff's address of record.   Any objection to the Magistrate Judge's Report and Recommendation [105] was due within fourteen (14) days of service, *see* L.U. Civ. R. 72(a)(3), but to date, Plaintiff has not filed any formal Objection.

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.   28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those

3

portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [105] as the opinion of this Court, and this civil action will be dismissed without prejudice for lack of subject-matter jurisdiction and for Plaintiff's failure to prosecute and to abide by the Court's Orders.

Plaintiff has filed a number of documents of record since the entry of the Report and Recommendation [105], but none are styled as objections. All are equally incoherent. To the extent those could somehow be construed as Objections, the result would not change even under a de novo review. "[F]ederal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019) (quotation omitted). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The authority granted to federal district courts under Article III, § 2, of the Constitution is limited to those subjects encompassed within a statutory grant of jurisdiction, such that a district court may not exercise subject-matter jurisdiction absent a statutory basis. *See Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746.

In this case, it remains unclear whom Plaintiff intends to name as Defendants and what claims he asserts against each. Despite the plethora of documents Plaintiff has filed in this case, he has never adequately complied with the Court's Orders which have attempted to discover information about his claims. Although this case having been pending for over 17 months, Plaintiff has never provided the Court with sufficient information in order for it to ascertain whether it has subject-matter jurisdiction. Because Plaintiff has not demonstrated that the Court possesses federal subject-matter jurisdiction as to any claim he is attempting to assert, dismissal without prejudice is warranted.

Moreover, this Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *See Link*, 370 U.S. at 629-30.

Despite clear and unambiguous directions from the Magistrate Judge, Plaintiff has never caused summonses to be issued for Defendants and has failed to comply with many Court Orders, even after being warned numerous times that failure to do so would be deemed a purposeful delay and contumacious act that may result in the dismissal of his case. *See, e.g.,* Order [3] at 2; Order [14] at 3; Order

[53] at 3; Order [54] at 4-6; Order [62] at 2; Order [69] at 1-2; Order [71] at 1-2. Such inaction by Plaintiff represents a clear record of intentional delay or contumacious conduct.   Dismissal is warranted on this basis as well.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction and for Plaintiff's failure to prosecute and to abide by the Court's Orders.   All remaining pending Motions in this case are **DENIED WITHOUT PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of October, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE